## THRAILKILL v. THRAILKILL.

Circuit Court, Palm Beach County.

June 19, 1953, July 12, 1954, March 24, 1955, May 27, 1955.

Ted P. Galatis, Fort Lauderdale, for plaintiff.

Joseph A. Peel, Jr., West Palm Beach, until March 1955, thereafter Miller, Miller & Hewitt, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

*June 19, 1953:* This cause was duly presented by counsel for the parties upon the matter of the custody of the children, and an allowance to plaintiff for her support and the support of the children.

The evidence indicates that any temporary solution would be surrounded by doubt as to whether it would best serve the welfare of the children. The parents have been separated for some time. He claims that he has been sending home some $30 a week, or more, but she, the wife, contends that she has only received approximately $10 a week. In any event, it is clear that the father has neglected the welfare of these children, and that he has failed to provide funds for their proper maintenance. The mother has not given the children the best care, due in part to a lack of funds, and perhaps due to her inability to properly care for them.

I would be inclined to award the temporary custody of the older child to the mother of the defendant, but it appears that this grandmother of the child only recently has had a warrant issued for the mother of the child for the theft of some clothes of the value of $20. Should this oldest child be awarded to the care of the mother of the defendant, it is clear that the child's mind would be so influenced against the plaintiff that it would be difficult for the plaintiff, mother of the child, to ever regain the affection and love of the child.

It is therefore the reluctant conclusion of the court that the children should temporarily remain with the mother, undesirable though this may be, for there seems to be no better solution at present.

Thereupon, it is ordered that the temporary custody of the children, Jane Elizabeth Thrailkill, Kathryn Thrailkill and Arthur Craig Thrailkill, be awarded to the plaintiff; that the defendant pay to the plaintiff each week for the support of the children, the sum of $30, the first payment to be made on or before June 22, 1953, and thereafter on each Monday; that defendant forward these amounts for maintenance to the plaintiff and her children by check or money order in order that some written record may be available as to the exact amount sent; that the defendant pay to counsel for plaintiff within a reasonable time, temporary counsel fees in the amount of $60, and also the costs of this cause; and that the defendant have the right to visit the children at all reasonable times and places.

*July 12, 1954:* This cause was duly presented upon a return to the rules to show cause issued by the court June 29 and July 6, 1954. The court heard testimony of the plaintiff and of Mrs. Irene Thrailkill, mother of the defendant.

From the evidence it is clear that the defendant has intentionally violated the provisions of the agreement which were ratified by the court in the final decree of February 1, 1954, in that he has not merely had the child, Jane Elizabeth Thrailkill, visit him, but he has taken the child to Atlanta, Georgia, intending to keep her there.

The evidence is not sufficiently clear to warrant any adjudication of contempt as against the mother of the defendant.

The court can only enforce orders as they are entered from time to time. If these orders do not reflect what is best for the welfare of a child, application should be made to the court for modification thereof. The court cannot permit litigants to take unto themselves the privilege of disobeying or ignoring orders of the court with reference to the custody of their children. From the evidence it appears that every effort was made to serve the defendant with notice of this proceeding, but the sheriff was unable to find him in Palm Beach County, he having absconded and removed himself to Atlanta, Georgia. The defendant knew of this proceeding and hearing through information given him by his mother.

Thereupon, it is ordered that the defendant be adjudged guilty of contempt of court; that the sheriff of Palm Beach County be and he is hereby authorized and directed, whenever he is able so to do, to apprehend the defendant in Palm Beach County and confine him in the county jail for a period of 60 days; that the defendant be and he is hereby directed to forthwith deliver the custody of the child, Jane Elizabeth Thrailkill, to the plaintiff at the residence of the plaintiff, N. W. 7th Ave., Fort Lauderdale, Florida; that in the event the custody of said child is delivered to the plaintiff prior to or during the incarceration of the defendant, that the defendant have leave to immediately apply to the court for a modification of this sentence.

It further appearing to the court that the defendant is in arrears $120 as alimony and support for the children, and $190 attorney's fees, thereupon, it is further ordered that the plaintiff do have and recover of the defendant $310, for which let execution issue; the defendant is further ordered to make the payments for the support of his children, as directed under authority of the final decree heretofore entered by the court February 1, 1954.

*March 24, 1955:* This cause was duly presented by counsel for the parties upon the petition filed March 10, 1955. The court has heard testimony of both parties and the various witnesses they have produced.

This is an extremely difficult case. Several times during the progress of this litigation, I have had before me this matter of the custody of these three little children, now ranging in ages from about 6 to 2½ years.

The father lives in Atlanta with his present wife, a very presentable person, and one who might well be entrusted with the care of these children. He makes some $70 a week. At present she is also employed, but is willing to give up her position in order to take care of these children.

The maternal grandparents live in West Palm Beach, and would be willing to take care of the children. But I doubt that their ages and temperaments are such that, for any length of time, a suitable home could be provided for these young children. Obviously they are deeply devoted to the children—but something more is needed.

At present the children are in a nursing home in Fort Lauderdale where they are receiving care, entirely commensurate with their needs and the financial abilities of their parents. The pictures show that they are in good health. They appear to be happy. The mother works in Fort Lauderdale, twelve hours a day, seven days a week, and in addition attends night school two nights a week. She earns $126 a week. Approximately four hours of each day is spent by the mother in transportation to and from her job. She visits the children two or three nights a week. The children go to Sunday School. In September the oldest child will go to school.

Certainly, the home of a parent is a far better place in which to raise children of their tender ages, but I cannot hold from this evidence that they are not being properly cared for at the present time.

In the not far distant future, the mother expects to be able to provide better transportation for herself by acquiring a small car, and then acquire a home in which she may place her children, and live with another woman who will care for them during the daytime.

Looking to the welfare of the children, not only for the present, but for the forseeable future, I am inclined to think that the program offered by the mother will best meet their welfare. Should

there be any substantial change in these conditions, it is comforting to know that the father and his present wife stand by to aid these children. The love and devotion of the various people who have appeared in this suit cannot be questioned. The only matter before the court is to provide for the future, insofar as may be practicable, in accord with the best interests of the children. As of the present time, I think there should be no immediate change in their custody.

Thereupon, it is ordered that the petition be denied, without prejudice.

*May 27, 1955:* This cause was duly considered by the court upon motion filed by the defendant April 21, 1955. After hearing plaintiff and the mother of the defendant, it appears proper that the grandmother of these children have the right to visit the children in Hollywood.

Thereupon, it is ordered that the defendant and his mother, Mrs. Irene Thrailkill, have the right to visit the children in Hollywood any afternoon between the hours of 3 and 5:30 P.M.; that the defendant and Mrs. Irene Thrailkill be given custody of the children so they may ride in an automobile or take them out during that period of time; that the children shall not be removed from Broward or Palm Beach counties without a specific written order entered by the court authorizing such removal and that if possible, advance notice of impending visits be given the plaintiff or the people in whose custody the children may be at the time of such impending visits.

It is further ordered that the above remain in effect subject to the further order of the court. In due time it is hoped that the oldest child and perhaps the other two, may be permitted to visit in West Palm Beach during the summertime for a week or two—but that does not seem to be practicable at the present time.